


AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Tina Mckenzie and Michelle Arguedas
*Plaintiff*
v.
The City of New York, NYPD Sergeant Derrick Milligan, NYPD Officer Dewin Benavides
*Defendant*

10 CIV 3234

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The City of New York - 100 Church Street, New York, NY 10007
NYPD Sergeant Milligan (sheild # 4735) - 43rd Precinct, 900 Fteley Ave., Bronx, NY, 10472
NYPD Officer Benavides (sheild # 13541) - 43rd Precinct, 900 Fteley Ave., Bronx, NY, 10472

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

CLERK OF COURT

APR 1 9 2010

Date: 04/15/2010

*Signature of Clerk or Deputy Clerk*

JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CIV 3234

-------------------------------------------------------------X

TINA MCKENZIE and MICHELLE ARGUEDAS,

Plaintiffs,

10 Civ. _______

vs.

COMPLAINT AND
JURY DEMAND




THE CITY OF NEW YORK, NYPD Sergeant DERRICK MILLIGAN (shield # 4735), NYPD Officer DEWIN BENAVIDES (shield # 13541),

Defendants.

-------------------------------------------------------------X

PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs while doing nothing more than having a private conversation on a public sidewalk were deprived of their constitutional and common law rights when the individual defendants unlawfully confined plaintiffs, and caused their unjustifiable arrests and prosecutions. Plaintiff McKenzie was further deprived of her constitutional and common law rights when Defendant MILLIGAN assaulted, battered, and verbally abused her.

JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

**VENUE**

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

**JURY DEMAND**

5. Plaintiffs hereby demands trial by jury of all issues properly triable thereby.

**PARTIES**

6. Plaintiff Tina McKenzie currently and at all times relevant was a resident of the state of California and a citizen of the United States. At the time of the incident herein, Ms. McKenzie was a full time student at Barnard College, Columbia University, in New York, New York.

7. Plaintiff Michelle Arguedas currently and at all times relevant herein was a resident of the state of California and a citizen of the United States.

8. NYPD Sergeant Derrick Milligan (shield #4375) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On

the date of the incident, February 20, 2009, he was assigned to the 43rd Precinct in the Bronx. Defendant Milligan is being sued herein in his individual capacity.

9. NYPD Officer Dewin Benavides (shield #13541) is and was at all times relevant herein an officer, employee, and agent of the NYPD. On the date of the incident, February 20, 2009, he was assigned to the 43rd Precinct in the Bronx. Defendant Benavides is being sued herein in his individual capacity.

10. At all times relevant herein, Defendants Milligan and Benavides ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

STATEMENT OF FACTS

12. On the evening of February 20, 2009, Ms. McKenzie was visiting her girlfriend of two years, Ms. Arguedas, at the home of Ms. Arguedas' family at 1180 Evergreen Avenue in the Bronx.

13. At approximately 10:15 p.m., outside of 1180 Evergreen Avenue, Ms. McKenzie had her arms around Ms. Arguedas, while they huddled together in the cold talking, when the police approached them.

14. Defendant Milligan ordered Ms. McKenzie to step away from Ms. Arguedas.

15. Perplexed, Ms. McKenzie complied with Defendant Milligan's order, but asked why. Neither Defendant Milligan, nor Defendant Benavides answered.

16. Defendant Milligan asked Ms. McKenzie if Ms. Arguedas was her girlfriend. Ms. McKenzie said "yes, why?" Again, neither defendant answered.

17. Defendant Benavides asked Ms. McKenzie for her identification. Ms. McKenzie gave him her California state identification.

18. Defendant Benavides asked Ms. McKenzie where she lived. Ms. McKenzie replied that she lived on campus at Barnard College, Columbia University. Defendant Milligan sneered and asked, "Why are you in the Bronx?" Ms. McKenzie replied that Ms. Arguedas' cousin lives here in the Bronx.

19. Ms. McKenzie again asked defendants why they were being questioned and detained.

20. Visibly angry at Ms. McKenzie for questioning him, Defendant Milligan ordered the other officers to "arrest her." Three officers grabbed Ms. McKenzie, pinned her up against a wall, handcuffed her hands behind her back, and threw her into a squad car.

21. Ms. Arguedas began crying hysterically and told the officers to leave Ms. McKenzie alone. One of the officers told Ms. Arguedas to shut up or he would arrest her too. Ms. Arguedas was given a summons and instructed to go upstairs.

22. The police drove Ms. McKenzie to the 43rd precinct. At the precinct, Ms. McKenzie was placed in a holding cell with another prisoner.

23. Eventually, Ms. McKenzie was given two summons and told to leave. Ms. McKenzie, who still did not understand how she could be arrested for doing nothing wrong, asked officers in the precinct why she had been arrested, but no one answered her.

24. Defendant Milligan told Ms. McKenzie, "We do things differently in New York than in California." Ms. McKenzie asked Defendant Milligan to explain. Defendant Milligan replied in sum and substance, "don't you go to Columbia – can't you figure it out or go to the law library?"

25. Getting no answers, Ms. McKenzie asked for the names and shield numbers of the officers involved in her arrest and detention. All of the police officers covered up their badges and refused to give her their names.

26. Defendant Milligan covered his badge so Ms. McKenzie could not see his shield number and said he was "Sergeant Milligan."

27. Defendant Milligan then threatened to put Ms. McKenzie back in a cell if she did not leave. Ms. McKenzie asked what justification he would have for putting her back in the cell.

28. Suddenly, Defendant Milligan grabbed Ms. McKenzie's jacket by the collar, pulled her up off her feet, pushed her out the front door of the precinct and down the stairs. As Ms. McKenzie fell down the stairs, her neck and back smashed into the banister and her ankle

twisted. As a result, Ms. McKenzie sustained contusions to her neck and back, strain and limited range of motion to her cervical spine, strain to her lumbar spine, and sprain to her ankle.

29. Defendants claimed that Ms. Arguedas committed the offense of disorderly conduct.

30. Defendants claimed that Ms. McKenzie committed the offenses of disorderly conduct and harassment.

31. At no time did Ms. McKenzie or Ms. Arguedas commit the offense of disorderly conduct. At no time did Ms. McKenzie harass Ms. Arguedas.

32. There was no basis for the arrest, detention, and prosecution of Ms. McKenzie and Ms. Arguedas.

33. As a result of their arrests and prosecution, Ms. McKenzie and Ms. Arguedas were required to appear in court, retain an attorney, and incur legal fees.

34. On October 5, 2009, Defendant Benavides testified in Bronx Criminal Court before Judicial Hearing Officer ("JHO") Joseph Mazur. Defendant Benavides gave false testimony against Ms. McKenzie and Ms. Arguedas.

35. JHO Mazur acquitted Ms. McKenzie and Ms. Arguedas of all charges.

36. The false arrest, false imprisonment, assault and battery, and malicious prosecution of plaintiffs by defendants caused plaintiffs to sustain pain and suffering, psychological and emotional trauma, and legal fees.

37. Plaintiffs timely filed written notices of claim with the Comptroller's Office at 1 Centre Street, New York, New York. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

38. This action has been commenced within one year and ninety days after the events upon which the claims are based.

**FIRST CAUSE OF ACTION**
**Violation of Plaintiffs' Fourth and Fourteenth Amendment Rights**
**(Plaintiffs McKenzie and Arguedas Against All Defendants)**

39. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause in violation of plaintiffs' rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

41. Defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of the confinement.

42. Plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983/Fourteenth Amendment**
**(Plaintiff McKenzie Against All Defendants)**

43. Plaintiff McKenzie repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

44. The use of excessive force by Defendant Milligan in grabbing, pushing, and throwing Plaintiff McKenzie out of the precinct and down the stairs was an objectively

unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

**THIRD CLAIM FOR RELIEF**
**Assault**
**(Plaintiff McKenzie Against All Defendants)**

45. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

46. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff McKenzie in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

47. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

48. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FOURTH CAUSE OF ACTION**
**Battery**
**(Plaintiff McKenzie Against All Defendants)**

49. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

50. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff McKenzie, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent

and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

51. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

52. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FIFTH CAUSE OF ACTION**
**False Arrest**
**(Plaintiffs McKenzie and Arguedas Against All Defendants)**

53. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

54. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of the confinement. In addition, plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

55. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

56. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SIXTH CAUSE OF ACTION**
**Negligent Hiring, Retention, Training and Supervision**
**(Plaintiffs McKenzie and Arguedas Against Defendant City)**

57. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

58. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on February 20, 2009, at the aforementioned location.

59. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SEVENTH CAUSE OF ACTION**
**Malicious Prosecution**
**(Plaintiffs McKenzie and Arguedas Against All Defendants)**

60. Plaintiffs repeat and reallege the foregoing paragraphs as if the same were fully set forth at length herein.

61. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants initiated and continued criminal proceedings against plaintiffs.

62. The proceedings terminated in plaintiffs' favor.

63. There was no probable cause for the commencement or the continuation of the criminal proceedings.

64. The defendants acted with actual malice.

65. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

66. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear this federally based claim.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.

Dated: April 15, 2010
New York, New York

ROMANO & KUAN, PLLC

Julia P. Kuan (JK 3822)
100 Lafayette Street, Suite 401
New York, New York 10013
(212) 274-0777

*Attorneys for Plaintiff*